IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JONATHAN DAVID GLADWELL,

        Petitioner,

   v.

JOE DeCAMP, Superintendent,
Deer Ridge Correctional Institution,

        Respondent.

Civil No. 3:10-cv-00061-BR

OPINION AND ORDER

KRISTINA S. HELLMAN
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

        Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
ANDREW D. HALLMAN
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at the Deer Ridge Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES IN PART the Petition for Writ of Habeas Corpus and ORDERS further briefing on the merits of Petitioner's claim of ineffective assistance of appellate counsel.

**BACKGROUND**

On October 16, 2003, a Jefferson County grand jury indicted Petitioner on twelve charges of Sexual Abuse in the First Degree. The charges arose from allegations by twin brothers that Petitioner touched their genitals while they were on an overnight camping trip with Petitioner.

In May 2005, Petitioner entered into a plea agreement with the prosecution. As part of the agreement, the District Attorney filed an additional Information charging Petitioner with one count of Attempted Sodomy in the First Degree. Pursuant to the plea agreement, Petitioner entered an *Alford* plea to two charges of Sexual Abuse in the First Degree from the original indictment and to Attempted Sodomy as charged in the information. The parties stipulated to a sentence totaling 100 months of imprisonment and 10 years of post-prison supervision. At the conclusion of the sentencing hearing, the trial judge advised Petitioner of his right to appeal:

2 - OPINION AND ORDER -

> THE COURT: . . . [Y]ou have the right to appeal the
> judgment the Court's imposed.    That appeal would be
> limited to the constitutionality of the sentence you
> received.    If you wish to appeal the sentence, notice
> needs to be served on the Court within 30 days.    If you
> can't afford the cost of the appeal, the Court will
> appoint you an attorney at state expense.

Resp. Exh. 112, p. 11.  The judgment was entered on May 27, 2005.

On June 7, 2005, Petitioner wrote a letter to the Oregon
Office of Public Defense Services ("OPDS") stating "I wish to
appeal the judgment of the trial court in my recent criminal
conviction and sentencing.  I request your office's assistance and
representation in this appeal."  Pet. Exh. 1.  Attached to the
letter was a form questionnaire Petitioner had completed which
provided information about Petitioner and his case.    *Id.*
Petitioner concluded the letter "[p]lease notify me immediately to
confirm that you have received this letter and that your office
will be filing my notice of appeal."  *Id.*

On June 22, 2005, attorney John Susac from OPDS sent letters
to Petitioner and to Petitioner's trial attorney requesting more
information about potential claims to raise on appeal.    The
letters stated:

> If we receive information from you or your attorney
> that enables us to identify an issue that is (1)
> properly preserved by motion or objection and (2) can be
> reviewed on direct appeal, we will file a notice of
> appeal on your behalf[,] . . . .   If we receive
> information from you or your attorney that enables us to
> identify a sentencing provision that (1) increased your
> sentence above the statutory maximum based on judicial
> fact findings and (2) was not based on a stipulation,

3 - OPINION AND ORDER -

plea agreement, or waiver, we will be able to file a notice of appeal on your behalf.

Pet. Exhs. 2, 3.  The letters did not include information about filing a *pro se* appeal or filing an appeal utilizing a *Balfour* brief.[1]

On July 18, 2005, Susac sent a letter to Petitioner informing Petitioner he would not file a notice of appeal on Petitioner's behalf because his sentences were stipulated to as part of the plea agreement.  Pet. Exh. 5.  This letter also did not contain information about filing a notice of appeal *pro se*, about seeking assistance elsewhere for an appeal, or about Oregon's *Batson* procedure.

On August 29, 2005, Petitioner sent another letter to Susac containing another request to file a notice of appeal.  Pet. Exh. 6.  He indicated that if Susac would not file a notice of appeal, his case should be transferred to another attorney who would do so.  *Id.*  On September 19, 2005, Susac sent Petitioner a letter in which he again declined to file a notice of appeal.  Pet. Exh. 7. Like the prior correspondence, the letter was silent as to options

---

[1]Under Or. R. App. P. 5.90, if court-appointed counsel finds no meritorious issues for appeal, he or she may submit a brief with two parts.  *State v. Balfour*, 814 P.2d 1069 (Or. 1991).  Section A is signed by counsel and provides a brief statement of the case. Section B is prepared by the petitioner, and may include any claim of error that the petitioner wishes to assert.

beyond having Susac file a notice of appeal.  By this date,
Petitioner was precluded by Oregon law from filing an appeal.[2]

On October 16, 2006, Petitioner filed a petition for state
post-conviction relief ("PCR").  Following an evidentiary hearing,
the PCR trial judge denied relief.  Petitioner appealed, but the
Oregon Court of Appeals affirmed without opinion and the Oregon
Supreme Court denied review.  *Gladwell v. Hill*, 228 Or. App. 367,
208 P.3d 1057, *rev. denied*, 347 Or. 258, 218 P.3d 540 (2009).

On January 19, 2010, Petitioner filed his Petition for Writ
of Habeas Corpus in this Court alleging fourteen grounds for
relief.  The Court appointed counsel to represent Petitioner.  In
the Brief in Support of Amended Petition for Habeas Corpus[3],
counsel addresses two claims:

> **Ground Two:** My right to a criminal appeal was violated
> because Counsel Alexander and the Office of Public
> Defense Services refused to file a notice of appeal on
> my behalf after I repeatedly requested them to do so.
> My rights to effective assistance of counsel under the
> VI amendment to the United States Constitution and due
> process under the XIVth amendment to the United States
> Constitution were violated.

---

[2]Under Oregon law, a criminal defendant has 30 days to file a
notice of appeal.  Or. Rev. Stat. § 137.071(1).  Oregon law does
provide a procedure under which an appellant can request leave to
file a late notice of appal, but those requests must be filed
within 90 days of the entry of judgment.  Or. Rev. Stat. §
138.650(2)(a), (b).  As such, Petitioner had until August 25, 2005,
to request leave to file a late notice of appeal.

[3]No Amended Petition was ever filed, so this action is
proceeding on the original, *pro se* Petition.

**Ground Three:**   The state failed to disclose the existence of exculpatory evidence; had I been aware of the excluded evidence, I would not have entered the *Alford* pleas and I would have taken the case to trial. This incident is a violation of *Brady v. Maryland*. My rights under the XIVth amendment to the United States Constitution were violated.    Further, trial court counsel was ineffective in violation of my rights under the VI amendment to the United States Constitution.

Respondent contends Petitioner procedurally defaulted the claim alleged in Ground One because he did not fairly present it on appeal from the denial of state post-conviction relief. Respondent contends relief is not warranted on the claim alleged in Ground Two because the PCR court decision denying relief on this claim is entitled to deference.   Finally, Respondent argues Petitioner is not entitled to relief on the remaining claims alleged in the Petition but not addressed in the Brief in Support.

## DISCUSSION

### I.  Procedural Default - Ineffective Assistance of Appellate Counsel

It is well established that before seeking federal habeas corpus relief, a state prisoner must exhaust his available state remedies by fairly presenting his federal claims to the appropriate state courts.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003).  "A petitioner fully and fairly presents a claim to the state courts if he presents the claim: (1) to the proper forum; and (2) through the proper vehicle; and (3) by providing the

6 - OPINION AND ORDER -

proper factual and legal basis for the claim." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir.), *cert. denied*, 130 S. Ct. 1014 (2009); *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (citations omitted).    Fair presentation requires that the petitioner describe both the operative facts and the federal legal theory on which his claim is based. *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008).

When a state prisoner fails to fairly present his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. *Casey v. Moore*, 386 F.3d 896, 920 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).    Federal habeas corpus review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice. *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007), *cert. denied*, 555 U.S. 830 (2008); *Coleman*, 501 U.S. at 501.

In his First Amended Petition for Post-Conviction Relief Petitioner alleged, *inter alia*, the ineffective assistance of appellate counsel claim for failure to file a notice of appeal. Resp. Exh. 113, p. 26.  On appeal from the denial of PCR relief,

court-appointed PCR appellate counsel raised two assignments of error: (1) the state's failure to disclose exculpatory evidence; and (2) Petitioner's plea was not made knowingly, intelligently, and voluntarily. Counsel, however, also attached a copy of the Amended Petition for Post-Conviction Relief as an excerpt of the record.

Petitioner sought and received leave from the Oregon Court of Appeals to file a *Pro Se* Supplemental Brief. Pursuant to Or. R. App. P. 5.92(2), unless the court orders otherwise, a *Pro Se* Supplemental Brief "shall be limited to five pages." Petitioner sought leave to file an extended *Pro Se* Supplemental Brief, but the Oregon Court of Appeals denied Petitioner's request.

Petitioner's *Pro Se* Supplement Brief set forth and argued one assignment of error, that the indictment was void. However, the Brief also included the following statement:

### Complete Preservation of All Claims As Enumerated in Petitioner's Amended Petition

In an effort to satisfy the "federalization" requirement and to preserve all his original claims for federal *habeas corpus* review, Petitioner incorporates all claims from his amended petition. Petitioner objects to the Court's five-page limitation as a constitutional violation of: his right of access to the courts, due process, and opportunity to seek redress. Petitioner gave his counsel a listing of claims for appellate review, but Counsel did not follow Petitioner's instructions.

Resp. Exh. 351, p. 1.

8 - OPINION AND ORDER -

After the Oregon Court of Appeals affirmed without opinion, appointed PCR appellate counsel filed a Petition for Review with the Oregon Supreme Court raising the same two questions asserted in the opening brief to the Oregon Court of Appeals. Petitioner sought and obtained leave to file a Supplemental *Pro Se* Petition for Review, in which he included the following statement:

> For the purposes of possible subsequent Federal habeas corpus review, petitioner hereby incorporates by reference the full content and all claims of his Amended Petition for Post-Conviction Relief[2] within this *Pro Se* Supplemental Brief, and requests that this Court consider all of his enumerated claims review.

Resp. Exh. 354, p. 2. The footnote stated "[2]*See* Petitioner's Amended Petition for Post-Conviction Relief." *Id.*

Based on this record, Respondent argues Petitioner procedurally defaulted his claim of ineffective assistance of appellate counsel because Petitioner did not "fairly present" the claim to the Oregon Court of Appeals by merely attempting to incorporate the claim raised in his PCR petition on appeal without any additional argument in his briefing. Respondent contends this was not sufficient to fairly present those claims to the Oregon appellate courts and the time to do so has now expired.

A properly exhausted constitutional claim should generally be presented within the four corners of the petitioner's appellate briefing. *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir.), *cert. denied*, 546 U.S. 818 (2005). However, in *Farmer v. Baldwin*,

346 Or. 67, 74, 205 P.3d 871 (2009), the Oregon Supreme Court has opined that Oregon law recognizes incorporation of arguments from an appellant's brief into a petition for review to the Supreme Court. In *Farmer*, the court clarified that it will consider the briefs filed in the Court of Appeals and other documents attached to the appellate briefing that were incorporated by reference to identify and evaluate a party's legal arguments for review. *Farmer*, 205 P.3d at 874-75. The court explained that the appellate briefing "need not be persuasive, correct, thorough or even reasonable," but must identify the claim of error that the prisoner wants to see corrected. *Id*. at 878.

Respondent argues *Farmer* is distinguishable from the Petitioner's case because *Farmer* is limited to the situation where a prisoner attaches a copy of his or her PCR petition as "Section B" of a *Balfour* brief. Therefore, if a petitioner attaches a copy of his or her PCR petition as Section B of a *Balfour* brief in the Oregon Court of Appeals, and then cross-references the brief in the petition for review in the Oregon Supreme Court, the claims presented in the PCR petition have been fairly presented to Oregon's Supreme Court. *Farmer*, at 878. Here, however, Respondent notes appointed appellate counsel did *not* file a *Balfour* brief, but instead asserted two assignments of error.

In *Farmer*, the Oregon Supreme Court focused on the following language from Or. R. App. P. 5.90(1)(b)(I) regarding the contents of a *Balfour* brief's Section B:  "[t]he client shall attempt to state the claim and any argument in support of the claim as nearly as practicable in proper appellate brief form." *Farmer*, 205 P.3d at 877.  Based on the "key terms" of "attempt" and "as nearly as practicable," the Oregon Supreme Court concluded that the rule set forth a "relaxed standard" regarding presentation of claims, and perfect compliance with the rules of appellate procedure was not required to present a claim for review.

The Oregon appellate rule governing *Pro Se* Supplemental Briefs contains terms identical to Rule 5.90 governing Section B of a *Balfour* brief.  Rule 5.92(c) provides:  "[t]he client shall attempt to prepare a supplemental pro se brief as nearly as practicable in proper appellant brief form."  Or. R. App. P. 5.92(c).  Thus, this Court concludes the same fundamental concern that drove the Oregon Supreme Court in *Farmer* to recognize a relaxed standard and permit incorporation by reference in a *Balfour* Section B exists when a *Pro Se* Supplemental Brief is filed under Or. R. App. P. 5.92.

Respondent cites several cases from this District in support of the argument that *Farmer* should not be extended to a situation such as Petitioner's where a *Pro Se* Supplemental Brief is filed

11 - OPINION AND ORDER -

rather than a *Balfour* Section B filing, including *Williams v. Belleque*, 2010 WL 3603781 (D. Or., Sept. 13, 2010), *Frazier v. Hill*, 2011 WL 740912 (D. Or., Feb. 22, 2011), and *Cabine v. Belleque*, 2010 WL 1141354 (D. Or., Mar. 19, 2010). These cases are, however, distinguishable.

In *Cabine*, while the Petitioner did file a *pro se* supplemental brief, he raised only two assignments of error and did not attempt to incorporate or even mention the remaining claims from his PCR petition, which was attached to counsel's brief as an excerpt of the record.[4]   In *Williams*, although the court found an attempt to incorporate by reference claims alleged in the PCR petition not sufficient to fairly present those claims, it is not apparent from the opinion that Petitioner attempted to do so by way of a *Pro Se* Supplemental Brief; in fact it appears the brief in question may have been filed by counsel. Finally, in *Frazier*, the court held the petitioner did not fairly present all the claims alleged in his PCR petition "through the general statement in his *pro se* supplemental brief asking the court to 'fully review all issues for cumulative errors, which may amount

_____

[4]This Court has held repeatedly that the attachment of a PCR petition as an excerpt of the record to Section A of a *Balfour* brief, without more, is insufficient to fairly present the claims alleged in the PCR petition to the Oregon Court of Appeals. *See Tardy v. Belleque*, 2011 WL 722773 (D. Or., Feb. 23, 2011) (citing cases).

to ineffective assistance of counsel.'" *Frazier*, 2011 WL 740912, * 4.

Here, in contrast, Petitioner specifically directed attention in the Oregon Court of Appeals to a review of the claims "enumerated in Petitioner's Amended Petition," and in the Oregon Supreme Court he again incorporated "the full content and all claims" of his petition and asked the court to "consider all his enumerated claims for review."

In determining whether Petitioner's *Pro Se* Supplemental Brief's incorporation by reference of the claims alleged in his PCR petition was sufficient to fairly present those claims to the Oregon appellate courts, it is noteworthy that the federal exhaustion requirement is intended to "ensure[] that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). It is not intended to be a procedural trap for the unwary *pro se* litigant. *Slack v. McDaniel*, 529 U.S. 473, 487 (2000); *see also Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003) (for the purposes of exhaustion, *pro se* petitions are held to a more lenient standard), *cert. denied* 541 U.S. 956 (2004).

Here, given the page restrictions placed upon Petitioner's *Pro Se* Supplemental Brief, his reference to his specific attempt to "federalize" his claims for future habeas corpus review, and the fact that he was briefing his additional claims without the assistance of counsel, this Court concludes Petitioner fairly presented and fully exhausted his claim of ineffective assistance of appellate counsel. *See Mitchell v. Nooth*, 2010 WL 3491520 (D. Or., Aug. 3, 2010) (incorporation by reference in *pro se* supplemental brief properly exhausted claims), *report and recommendation adopted by* 2010 WL 3491519 (D. Or., Aug. 30, 2010); *McLain v. Blacketter*, 2011 WL 4478483 (D. Or., Sept. 26, 2011) (same).

Respondent, however, did not brief Petitioner's ineffective assistance of appellate counsel claim on the merits. The Court notes the prevailing case law holding that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriguez v. United States*, 395 U.S. 327 (1969) and *Peguero v. United States*, 526 U.S. 23 (1999)). Moreover, under such circumstances the Supreme Court "presum[es] prejudice with no further showing from the defendant of the merits of his underlying claims" because counsel's error resulted in an "entirely non-

14 - OPINION AND ORDER -

existent" appeal.  *Id.* at 484.  Nonetheless, the Court concludes Respondent should be given the opportunity to brief the merits of this claim.

## II.  Relief on the Merits - *Brady* Violation

Under 28 U.S.C. § 2254(d), an application for a writ of habeas corpus shall not be granted unless the adjudication on the merits in State court was:

> (1) contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  In *Williams v. Taylor*, 529 U.S. 362, 386-389 (2000), the Supreme Court construed this provision as requiring federal habeas courts to be highly deferential to the state court decisions under review.  In *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398-1402 (2011), the Court reiterated the highly deferential nature of federal habeas review, and limited federal review "to the record that was before the state court that adjudicated the claim on the merits."

"'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir.2004), *cert. denied*, 546 U.S. 963 (2005).

An "unreasonable application" of clearly established federal law occurs when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lambert*, 393 F.3d at 974 (citing Williams ).

"The state court's application of law must be objectively unreasonable." *Williams*, 529 U.S. at 411.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly." *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (internal citations omitted).

"[A] habeas court must determine what arguments or theories . . . could have supporte[d] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Pinholster*, 131 S. Ct. at 1402 (citing *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. The Supreme Court has since made clear that the duty to disclose such evidence applies even when there has been no request by the accused, *United States v. Agurs*, 427 U.S. 97, 107 (1976), and that the duty encompasses impeachment evidence as well as exculpatory evidence, *United States v. Bagley*, 473 U.S. 667, 676 (1985). For a *Brady* claim to succeed, (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or impeaching; (2) that evidence must have been suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice must have ensued. *Banks v. Dretke*, 540 U.S. 668, 691 (2004); *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

For the purposes of *Brady*, "material" and "prejudicial" have the same meaning. *United States v. Kohring*, 637 F.3d 895, 902 n.1 (9th Cir. 2011). If the habeas petitioner pleaded guilty, "materiality is determined by whether there is a reasonable probability that but for the failure to disclose the *Brady* material, the [petitioner] would have refused to plead and would have gone to trial." *Smith*, 510 F.3d at 1148 (quotations and

citations omitted).[5]   The test to determine whether a defendant would have chosen to go to trial rather than plead "is an objective one that centers on 'the likely persuasiveness of the withheld information.'"  *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995) (quoting *Miller v. Angliker*, 848 F.2d 1312, 1322 (2d Cir. 1988)).

Petitioner argues his plea was not knowing, intelligent, and voluntary because the state did not disclose a police report prior to Petitioner's *Alford* plea.   The police report contains the statements of the older sister of the victims.   The sister told a Washington County Sheriff Deputy that after the victims returned from the camping trip with Petitioner, one of them asked her what she would do if a friend did something to her but she did not want to get that person in trouble.   The sister asked what he was

---

[5]There is some question regarding the government's obligation to disclose *Brady* material prior to entering into a plea agreement. *See United States v. Ruiz*, 536 U.S. 622, 629 (2002) ("impeachment information is special in relation to the *fairness of a trial*, not in respect to whether a plea is *voluntary*") (emphasis in original); *see also United States v. Controy*, 567 F.3d 174, 179 (5th Cir. 2009) (applying *Ruiz* to exculpatory evidence and precluding the defendant from claiming failure to disclose an FBI report as a *Brady* violation), *cert. denied*, 130 S. Ct. 1502 (2010).   In light of the Supreme Court's recent expansion of ineffective assistance of counsel principles to the plea agreement stage in *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Coooper*, 132 S. Ct. 1376 (2012), however, the continued effect of *Ruiz* may well be called into question.   This Court need not reach the issue, however, given the conclusion below that the PCR trial court's decision was not contrary to or an unreasonable application of *Brady* under the circumstances.

18 - OPINION AND ORDER -

talking about, but he was reluctant to tell her.  She encouraged
the victim to tell her, and he eventually disclosed that
Petitioner had touched him and his brother during the camping
trip.  The sister told the victim that, if he did not tell their
father about the abuse, she would do so.

In the state PCR proceedings, Petitioner argued the state's
failure to disclose the report was a *Brady* violation.  He premised
his argument on his purported defense that the victims fabricated
the abuse allegations so their father could obtain a refund of
money he previously paid Petitioner for summer camps for the
victims.  Petitioner's theory was that the funds would have been
used to purchase a laptop computer for the sister, and that she
encouraged the victims to report the abuse not out of concern for
their well-being, but in furtherance of a conspiracy to obtain the
computer.

The PCR court rejected Petitioner's argument, finding
specifically that the report "is not exculpatory."  Resp. Exh.
349, Findings p. 3.  The PCR judge went on to conclude:

> . . .  The court having reviewed all of the testimony
> and exhibits in this case finds that Petitioner is not
> a credible witness regarding any of the allegations of
> this petition.  Particularly in regard to the claim of
> Petitioner that he would not have plead guilty but for
> various perceived violations of his constitutional
> rights, the court finds this allegation and testimony
> supporting it unbelievable.

*Id.* at 11.

19 - OPINION AND ORDER -

The PCR trial court's conclusion was not contrary to or an unreasonable application of the clearly established federal law. First, the information contained in the police report had, at best, impeachment value but was not exculpatory. Moreover, in light of the evidence against Petitioner and the favorable outcome of the plea agreement in the face of the number of charges against him, even assuming exculpatory evidence was withheld there appears no reasonable probability that Petitioner would have refused to plead and proceeded to trial had the information be disclosed. Petitioner is not entitled to relief on his claim challenging the voluntariness of his plea based on the alleged *Brady* violation.

## III. Remaining Claims Alleged in Petition

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner alleges fourteen grounds for relief. In his supporting memorandum, however, Petitioner states it "addresses the following two grounds for relief" set forth above. The Court construes this language to be an affirmative waiver of the remaining grounds for relief. In the alternative, the Court concludes habeas corpus relief is not warranted on these remaining claims because Petitioner failed to sustain his burden of demonstrating that the state PCR court's rejection of these claims is contrary to or unreasonable application of clearly established federal law.[6] *See*

---

[6]To the extent the claim are not fully exhausted and/or are procedurally defaulted, this Court may decline to address these

*Lambert v. Blodgett*, 393 F.3d 943, 970 n. 16 (petitioner bears burden of proving his case); 28 U.S.C. § 1154(d).

**CONCLUSION**

For these reasons, the Court **FINDS** Petitioner did not procedurally default his claim that he received constitutionally ineffective assistance of appellate counsel based upon counsel's refusal to file a notice of appeal.  Respondent shall have until November 5, 2012, to file a response addressing the merits of this claim.  Petitioner shall have until November 30, 2012, to file a reply.  The merits of the claim shall be taken UNDER ADVISEMENT on November 30, 2012.

**IT IS FURTHER ORDERED** that habeas corpus relief is **DENIED** on the remaining grounds for relief alleged in the Petition for Writ of Habeas Corpus.

IT IS SO ORDERED.

DATED this ___16th___ day of October, 2012.

_____
ANNA J. BROWN
United States District Judge

---

issues and instead deny relief on the merits.  *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002); 28 U.S.C. § 2254(b)(2).  To the extent the claims allege procedural errors in the state PCR proceeding, such claims are not cognizable in a federal habeas corpus action.  *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989); *see also* 28 U.S.C. § 2254(a) (habeas petitioner must allege he is in custody in violation of the Constitution or laws or treaties of the United States).